**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FERNANDO ARCINIEGA MICHEL,<br>Petitioner,<br>v.<br>WARDEN, IMPERIAL REGIONAL DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 26-cv-06043-BAS-BJW<br><br>**ORDER DENYING:**<br><br>**(1) MOTION TO APPOINT COUNSEL (ECF No. 8); AND**<br><br>**(2) PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Fernando Arciniega Michel previously filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that his detention in immigration custody had been arbitrarily and unreasonably prolonged. (*Arciniega Michel v. Warden*, No. 26-cv-01244-BAS-BJW (S.D. Cal. filed Feb. 26, 2026) ("First Petition").) He was represented by Federal Defenders of San Diego, Inc., at the time. (*Id.*) The Court found the First Petition persuasive and ordered that Petitioner receive a bond hearing before an Immigration Judge where the Government would bear the burden by clear and convincing evidence of demonstrating that Petitioner posed a danger to the community or a risk of flight. (*Id.*, ECF No. 15.)

An Immigration Judge held that hearing as ordered and found the Department of Homeland Security ("DHS") had demonstrated by clear and convincing evidence that

Petitioner posed both a risk of flight and a danger to the community if released. (ECF No. 6, Ex. 5.) Petitioner has appealed that ruling.

Petitioner, acting *in pro per*, now files a new Petition for Writ of Habeas Corpus ("Second Petition") alleging once again that his detention has been prolonged without a bond hearing. (ECF No. 1.) The Government responds that Petitioner has had a bond hearing, that the ruling from that bond hearing is on appeal, and that Petitioner should be required to exhaust his administrative remedies. (ECF No. 6.) Petitioner replies. (ECF No. 10.)

For the reasons stated below, the Court **DENIES** the Second Petition (ECF No. 1) and **DENIES** the Motion to Appoint Counsel (ECF No. 8).

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or Federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Second Petition.

## II. STATEMENT OF FACTS

Petitioner entered the United States as a legal permanent resident on April 29, 1994. (ECF No. 6, Ex. 1.) On September 3, 2008, Petitioner was convicted of possession of a dangerous weapon and sentenced to 184 days in custody. (*Id.*) On June 20, 2014, Petitioner was convicted of grand theft of a vehicle and sentenced to 364 days in custody. (*Id.*) On May 31, 2019, Petitioner was convicted of aggravated assault with a firearm and sentenced to four years in custody. (*Id.*)

Immigration and Customs Enforcement ("ICE") arrested him on May 30, 2024, after his most recent criminal conviction. (ECF No. 10.) He has been continuously in ICE custody since then. (*Id.*)

On November 20, 2025, an Immigration Judge ordered Petitioner removed to Mexico despite his request for asylum and claims under CAT—the Convention Against Torture. (ECF No. 6, Ex. 4.) During this merits hearing, Petitioner said he was involved in the street gang Unos Sin Verguenza, with ties to the Surenos gang, the Mexican mafia, and cartels. (*Id.*) According to Petitioner, he rose through the ranks to become an "enforcer" and "shot caller" for gangs and cartels in the United States. (*Id.*) Petitioner claims he disassociated from the gangs in prison but did not formally leave for fear of retaliation. (*Id.*) The Immigration Judge's order of removal is currently on appeal.

On February 26, 2026, Petitioner filed his First Petition, arguing that 21 months in custody while his immigration case was pending was arbitrarily and unreasonably prolonged. (First Petition, ECF No. 9.) This Court agreed and ordered that Petitioner have a bond hearing where the Government would bear the burden by clear and convincing evidence of demonstrating that Petitioner would pose a danger or risk of flight if released. (*Id.*, ECF No. 15.)

An Immigration Judge held the bond hearing as ordered and concluded that, based on Petitioner's criminal record and history of gang activity, "DHS met its burden by clear and convincing evidence to show that [Petitioner] would be a danger to the community and also an extreme flight risk." (ECF No. 6, Ex. 5.) Petitioner has appealed this ruling to the Board of Immigration Appeals ("BIA"). Petitioner now brings this Second Petition.

## III. ANALYSIS

### A. Petition

In this Second Petition, Petitioner argues that he has been detained since May 2024 without a bond hearing and that detention without a bond hearing is unconstitutional. (ECF No. 1.) However, this argument fails because Petitioner has received a bond hearing. (ECF

No. 6, Ex. 5.) The Immigration Judge ruled against him, and the bond denial is now on appeal.

Petitioner must continue to exhaust his administrative remedies and cannot file an appeal of the bond ruling with this Court. "Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Although Section 2241 does not specifically require a petitioner to exhaust administrative remedies before seeking habeas relief, "[n]onetheless, 'we require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241.'" *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (quoting *Castro-Cortez v. INS,* 239 F.3d 1037, 1047 (9th Cir. 2001)); *see also Puga*, 488 F.3d at 815 ("[P]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional."). "Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Laing*, 370 F.3d at 998. Grounds for waiving exhaustion include finding that: (1) administrative remedies "are inadequate or not efficacious," (2) exhaustion "would be a futile gesture," (3) "irreparable injury will result" if a petitioner is required to exhaust administrative remedies, or (4) "administrative proceedings would be void." *Id.* at 1000.

Petitioner in this case has failed to exhaust his administrative remedies. He is currently pursuing an appeal of his bond denial with the BIA. Although this is a prudential requirement, requiring appeal to the BIA makes sense. The BIA is there for a reason—it provides agency expertise helpful to determine whether bond in a given case is warranted. If the Immigration Judge made a rogue decision, appealing to the BIA allows the agency to correct its own mistake and precludes the need for judicial review. And finally, direct appeal to the district court encourages deliberate bypass of an administrative scheme. *See Puga*, 488 F.3d at 815 (listing reasons for requiring administrative exhaustion). Petitioner fails to argue any grounds for waiving the requirement. Thus, the Court finds appeal to the BIA is a necessary prerequisite in this case before it may consider any error on the part of the Immigration Judge.

### B. Motion to Appoint Counsel

"[T]here is no absolute right to appointment of counsel in habeas proceedings." *Hoang v. Bondi*, No. 5:25-CV-3624 KK (DSR), 2026 WL 127076, at *1 (C.D. Cal. Jan. 9, 2026) (citing *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996)). However, "appointment of counsel may be authorized at any stage of the proceedings if 'the interests of justice so require[.]'" *Id.* (quoting 18 U.S.C. § 3006A(a)(2)). "The decision of whether to appoint counsel in a habeas proceeding turns on a petitioner's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved and his likelihood of success on the merits." *Id.* (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

In this case, Petitioner was appointed counsel for his First Petition, which resulted in the requested bond hearing. As discussed above, since he is simply repeating the requests made in his First Petition, he is not likely to succeed on the merits and must continue to exhaust his administrative remedies. Therefore, his Motion to Appoint Counsel (ECF No. 8) is denied.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** the Second Petition (ECF No. 1) and **DENIES** the Motion to Appoint Counsel (ECF No. 8). The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: November 23, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**